UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ANDREW ALAN APA<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,[1] Commissioner of<br>Social Security,<br><br>                Defendant. | **DECISION<br>and<br>ORDER**<br><br>**15-CV-00428-LGF**<br>**(consent)** |

_____

APPEARANCES:               LAW OFFICES OF LEWIS L. SCHWARTZ
                                      Attorneys for Plaintiff
                                      LEWIS SCHWARTZ, of Counsel
                                      1231 Delaware Avenue
                                      Suite 103
                                      Buffalo, New York 14209

                                      JAMES P. KENNEDY
                                      ACTING UNITED STATES ATTORNEY
                                      Attorney for Defendant
                                      JOANNE JACKSON PENGELLY
                                      Assistant United States Attorney, of Counsel
                                      Federal Centre
                                      138 Delaware Avenue
                                      Buffalo, New York 14202, and

                                      STEPHEN P. CONTE
                                      Regional Chief Counsel
                                      United States Social Security Administration
                                      Office of the General Counsel, of Counsel
                                      26 Federal Plaza
                                      Room 3904
                                      New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 14, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. No. 16). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on November 13, 2015 (Dkt. 7), and by Defendant on January 13, 2016 (Dkt 9). For the reasons discussed below, Plaintiff's motion is granted and the Commissioner's motion is denied.

## BACKGROUND and FACTS

Plaintiff Andrew Alan Apa ("Plaintiff "), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "defendant") decision denying his application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on September 16, 1984 (R. 382), alleges that he became disabled on February 14, 2008, when Plaintiff was fired from work for taking too many breaks to manage Plaintiff's diabetic condition. (R. 487).

Plaintiff received SSI as a disabled child from age eight to 18 when benefits were discontinued in accordance with the regulations. Plaintiff filed an application for SSDI and SSI benefits on August 12, 2008 (R. 382-85), that was initially denied by Defendant on October 30, 2008, and, pursuant to Plaintiff's request filed on February 5, 2009 (R. 95-97), a hearing was held before Administrative Law Judge Robert Harvey ("Harvey" or "the ALJ"), on September 29, 2010, in Buffalo, New York. (R.75-105). Plaintiff,

represented by Lewis Schwartz, Esq. ("Schwartz"), appeared and testified at the hearing. The ALJ's decision denying Plaintiff's claim was rendered on October 19, 2010. (R. 146-61). Plaintiff requested review by the Appeals Council, and on November 30, 2011, the Appeals Council issued a remand order directing the ALJ to evaluate the severity of Plaintiff's anxiety and depression in accordance with the special technique under 20 C.F.R. § 404.1520a, re-evaluate Plaintiff's residual functional capacity, and if warranted, obtain testimony from a vocational expert. (R. 163-64). Upon a second hearing on May 23, 2012, a new ALJ assigned to the case, and Timothy McGuan ("McGuan or "the ALJ"), issued a finding that Plaintiff was not disabled (R. 173-200). Plaintiff filed a request for review with the Appeals Council on July 31, 2012 (R. 304-07), and on August 27, 2013, the Appeals Council vacated the ALJ's decision, and remanded the claim to the ALJ with specific instructions to obtain supplemental testimony from a VE, to whom hypothetical questions were to be posed clarifying the effect of Plaintiff's assessed limitations on the vocational base. (R. 203). On December 12, 2013, a third hearing was held on Buffalo, New York, where Plaintiff and his father, David Apa ("David Apa") testified. (R. 124-32). Vocational Expert Jay Steinbrenner also appeared and testified at the hearing (R. 136-41). On May 20, 2014, the ALJ issued a decision that Plaintiff was not disabled. (R. 48-74). The ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review on February 27, 2015.[2] (R. 1-4). This action followed on May 12, 2015, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

---

[2] On June 30, 2011, during the time of Appeals Council review, Plaintiff filed a second disability claim that was combined with Plaintiff's first claim. (R. 176).

On, November 13, 2015, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 7) ("Plaintiff's Memorandum"). Defendant filed, on January 13, 2016, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 19) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on February 25, 2016 ("Plaintiff's Reply Memorandum") (Dkt. No. 14). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

### A.    Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the

4

claimant and others), and . . . educational background, age and work experience."
*Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645
F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by
medically acceptable techniques and results from frequent examinations, and the
opinion supports the administrative record, the treating physician's opinion will be given
controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. §
404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be
affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d
at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the
factual findings of the Secretary,[3] if supported by substantial evidence, shall be
conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

     The applicable regulations set forth a five-step analysis the Commissioner must
follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520
and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v.
Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the
applicant is engaged in substantial gainful activity during the period for which benefits
are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in
such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.*
The next step is to determine whether the applicant has a severe impairment which
significantly limits the physical or mental ability to do basic work activities as defined in

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of
the Secretary of Health and Human Services in Social Security cases was transferred to the
Commissioner of Social Security, effective March 31, 1995.

the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant

---

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

is considered disabled and eligible for disability benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment.  *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision.  20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.     Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit.  20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed.  20 C.F.R. § 404.1572(a).  Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574.  In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since February 14, 2008, the alleged onset date of disability. (R. 19).  Plaintiff does not contest this finding.

**C.     Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits

the claimant's ability to do "basic work activities."  If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends.  20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b).  The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work.  *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of mood disorder, generalized anxiety disorder, cervical disc protrusion/extrusion at Plaintiff's C5-C6[5] and C6-C7 disc segments, and left upper extremity pain, and that Plaintiff's diabetes, benign hypertension, syncope, and psoriasis were not severe impairments under 20 C.F.R. § 404.1520(c).  (R. 53-54).  Plaintiff contends that the ALJ failed to include Plaintiff's diabetes as a severe impairment under

---

[5] C5-C6 and C6-C7 are numbered segments in an individual's spinal column.

step two of the disability analysis and that such failure requires remand. Plaintiff's Memorandum at 21-22. Defendant maintains that no error results from the ALJ's determination that Plaintiff's diabetes is a non-severe impairment, as the ALJ included Plaintiff's diabetes in the ALJ's residual functional capacity assessment of Plaintiff. Defendant's Memorandum at 19-20.

In this case, the ALJ supports his finding that Plaintiff's diabetes was not a severe impairment with evidence that Plaintiff takes insulin injections every couple of hours and consistently denied any diabetic symptoms or complications. (R. 54). This is contrary to substantial evidence in the record. On July 20, 2010, Plaintiff sought treatment at Sisters of Charity Hospital emergency department for an injury related to a fall resulting from Plaintiff's elevated glucose level.[6] (R. 761). On March 19, 2012, Howard A. Lippes, M.D. ("Dr. Lippes"), Plaintiff's endocrinologist, reported that Plaintiff experienced hypoglycemic values below acceptable thresholds several times throughout the day. (R. 983). Plaintiff's diagnoses all indicate uncontrolled juvenile diabetes (R. 705, 740, 748, 752, 771, 774). The ALJ's determination that Plaintiff "consistently denied any symptoms or complications" from diabetes (R. 64) also contradicts the Plaintiff's testimony that his diabetic symptoms include tiredness, dizziness, confusion, disorientation, excessive thirst, and frequent urination (R. 82), and that Plaintiff was repeatedly fired from work because he needed to take time off work from diabetic flare-ups, and to monitor his blood sugar levels several times each workday. (R. 99-100).

---

[6] Plaintiff's glucose measured 500 mg/dl. The American Diabetes Association suggests that a target blood glucose level for adults with diabetes is 80-130 mg/dl before a meal and less than 180 mg/dl one to two hours after beginning a meal. http://www.diabetes.org/living-with-diabetes/treatment-and-care/blood-glucose-control. Last visited on December 3, 2017.

The ALJ's determination that Plaintiff's diabetes was not a severe impairment is therefore contrary to substantial evidence in the record.

The regulations require ALJs to consider impairments a claimant states that he has or those "about which [the ALJ] receive[s] evidence." *See* 20 C.F.R. § § 404.1412(a);416.912(a), and the record in this case provides ample evidence that supports that Plaintiff has diabetes. "An error at step two – either a failure to make a severity determination regarding an impairment, or an erroneous determination that an impairment is not severe - can be harmless error if the ALJ continues the analysis and considers all impairments in [his or] her RFC determination." *See Linzy v. Berryhill*, 2017 WL 2265684, at *5 (W.D.N.Y. May 24, 2017). In this case, however, the ALJ fails to take Plaintiff's diabetes into account during any stage of the disability review process, and the ALJ's residual functional capacity assessment indicates that the ALJ failed to include any limitations from Plaintiff's diabetes. The ALJ's error at step two therefore requires remand, but, as discussed below, Discsussion *infra*, at 15, remand is for calculation of benefits.

### D. <u>Listing of Impairments</u>

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.04 ("§ 1.04") (Disorders of the spine), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 ("§ 12.04") (Affective disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 ("§ 12.06") (Anxiety related disorders). (R. 54). Plaintiff does not contest the ALJ's step three findings.

**E. Residual functional capacity**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In this case, the ALJ denotes two periods, the first between February 14, 2008 to May 23, 2012, that does not include Plaintiff's shoulder impairment, and reasoned that Plaintiff had the residual functional capacity to perform light work with the limitation to a sit/stand option after one hour, and the ability to occasionally understand, remember and carry out complex and detailed tasks and interact with the public (R. 56), and the second

between May 24, 2012, and May 20, 2014, includes Plaintiff's shoulder impairment, finding that Plaintiff had the residual functional capacity to perform light work with the limitation of a sit/stand option after one hour, no climbing ropes or ladders, overhead reaching with the left shoulder and arm, and the ability to occasionally understand, remember, carry out complex and detailed tasks and interact with the public. (R. 62).

Plaintiff contends that the ALJ erred by failing to provide specific reasons for rejecting the opinion of Horacio Capote, M.D. ("Dr. Capote"), Plaintiff's treating psychiatrist,[7] specifically Dr. Capote's findings set forth on a Mental Impairment Questionnaire completed on June 7, 2011 (R. 795-98), and on a Medical Opinion regarding Ability to do Work-related Activities (Mental) Questionnaire on October 4, 2013, wherein Dr. Capote opined that Plaintiff's mental impairments would result in Plaintiff missing more than four days of work each month (R. 795), and that Plaintiff's mental impairment resulted in severe deficiencies in functioning. (R. 1154). Defendant maintains that the ALJ properly afforded less weight to Dr. Capote's opinion that Plaintiff had extreme deficiencies of concentration, persistence or pace and marked difficulties in social functioning (R. 879), and maintains that Dr. Capote's opinion was not supported by substantial evidence in the record. Defendant's Memorandum at 21-22. Defendant points to evidence that Dr. Lippes failed to evaluate Plaintiff with depression or anxiety, that Plaintiff reported doing well, and that Dr. Capote assessed Plaintiff as cognitively intact with fair insight and judgment on at least one occasion. Defendant's Memorandum

---

[7] In this case, the frequency and nature of Dr. Capote's multiple psychiatric evaluations on Plaintiff establish that Dr. Capote is Plaintiff's treating psychiatrist. *See* 20 C.F.R. § 404.1502.

at 21-22. Defendant further maintains that Plaintiff's two hospitalizations were related to drug overdoses and not suicide attempts.[8] Defendant's Memorandum at 22.

Dr. Capote completed a Mental Health Questionnaire on Plaintiff on June 7, 2011 (R. 877-90), and a Medical Opinion regarding Ability to do Work-related Activities (Mental) Questionnaire on Plaintiff on October 4, 2013, indicating that Plaintiff's mental impairment resulted in extreme deficiencies of concentration, persistence and pace and marked difficulties in social functioning (R. 879), that Plaintiff was unable to function outside of his parent's home (R. 880), and would likely miss more than four days of work each month, that Plaintiff would be unable to meet competitive standards in carrying out very short and simple instructions, understanding and remembering very short and simple instructions, making simple work-related decisions, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, and dealing with normal work stress. (R. 1154). In the court's view, Dr. Capote's opinion on Plaintiff's ability to function questionnaires are supported by substantial evidence and inconsistent with the ALJ's opinion that Plaintiff was capable of performing light work with a sit/stand option after one hour, with no rope or ladder climbing, no overhead reaching, and only occasional understanding, remembering, and carrying out complex and detailed tasks and occasional interaction with the public. (R. 62).

---

[8] Plaintiff testified that his emergency room visits on December 25, 2008, and January 15, 2009, were suicide attempts. (R. 98). On December 25, 2008, Syed Ali, M.D. ("Dr. ALI"), noted that Plaintiff was admitted with "questionable drug overdose." (R. 696). During Plaintiff's hospitalization on January 15, 2009, Debra Luczkiewicz, M.D. ("Dr. Luczkiewicz"), noted that Plaintiff's blood tested positive for opiates and not Plaintiff's prescribed clonazepam, and that Oscar Lopez, M.D. ("Dr. Lopez"), the psychiatrist on duty at the time of Plaintiff's admission, opined that Plaintiff posed a risk to himself and others and required inpatient psychiatric care. (R. 698).

The Act requires ALJs to grant significant weight to treating physician opinions supported by medical evidence in the record, and requires a treating physician opinion be granted "controlling weight" if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 404.1527(d)(2). Treating physician opinions, however, are not determinative, and are granted controlling weight only when not inconsistent with other controlling evidence. 20 C.F.R. § 404.1527(d); *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004) (citing *Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002). In this case, Dr. Capote's opinions are consistent with substantial evidence in the record including Plaintiff's testimony that his diabetes results in daily confusion and disorientation (R. 81, 82, 89), problems with remembering things and concentration (R. 113), and Plaintiff's testimony that he was fired from every job he had because he was not given the time necessary to eat, test, and regulate his blood sugar. (R. 130). Plaintiff's father testified that Plaintiff spends almost the entire day in his room, that Plaintiff's memory issues keep Plaintiff from taking his medication on time, that Plaintiff "doesn't live, he exists" (R. 134), and that Plaintiff was not functioning like he should be. (R. 136). Dr. Capote regularly monitored Plaintiff's psychiatric health by providing psychiatric evaluation and counseling to Plaintiff on October 18, 2010 (R. 801-02), January 6, 2011 (R. 806-07), May 16, 2011 (R. 857), January 26, 2012 (R. 1059-61), April 6, 2012 (R. 1054-58), June 18, 2012 (R. 1083-85), and August 19, 2012 (R. 1080), completing Mental Health Questionnaires on Plaintiff on June 7, 2011 (R. 877-90), and October 4, 2013. (R. 877-90).

Defendant's contention that none of Plaintiff's treating physicians noted Plaintiff's depression or anxiety is a gross mischaracterization of the record. In particular, on September 30, 2009, Paul T. Biddle, M.D. ("Dr. Biddle"), a pain management specialist, noted that Plaintiff experienced depression, anxiety, stress, and difficulty sleeping but was not suicidal. (R. 731). On March 16, 2009, Patricia A. O'Donnell, D.O. ("Dr. O'Donnell), a family medicine practitioner, assessed Plaintiff with anxiety, and noted that Plaintiff experienced psychotic episodes while hospitalized for pneumonia. (R. 753). The ALJ's determination to afford less weight to Dr. Capote's mental health evaluations of Plaintiff set forth in Dr. Capote's Mental Health Questionnaire on June 7, 2011, and Dr. Capote's Medical Opinion regarding Plaintiff's ability to do Work-Related Activities (Mental) Questionnaire October 4, 2013 (R. 877-90), is therefore without support of substantial evidence, and entitled to controlling weight as a matter of law, *see Silvers v. Colvin*, 67 F.Supp. 3d 570, 579 (W.D.N.Y. 2014), and supports only a finding that Plaintiff is disabled. Plaintiff's motion for remand on this issue is granted.

The court further finds that, in light of substantial evidence in the record to support a determination of disability, and considering the long (more than eight year) pendency of Plaintiff's applications for SSDI and SSI benefits, the number of previous adjudications by the agency; and the likelihood that "a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial additional delay . . .," *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir 2004) (internal quotation marks and citations omitted); and in the exercise of discretion considering the "remedial nature and humanitarian aims of the Social Security Act," *Harzewski v. Chater*, 977 F. Supp. 217, 225 (W.D.N.Y. 1997), remand to the Commissioner for further proceedings would

serve no purpose.  *See Silvers*, 67 F.Supp. 3d 570, at 580.  The matter is therefore remanded for calculation of benefits

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 7) is GRANTED; Defendant's motion (Doc. No. 9) is DENIED and the case is remanded to the Commissioner solely for calculation of benefits.

So Ordered.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: December 14, 2017
Buffalo, New York